FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2007 OCT 16  PM 12: 23

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

GREGORY S. GOODYEAR,

    Plaintiff,

vs.                                         Case No.   2:07-cv-643-FtM-34SPC

NICK THOMPSON, as a Legislator,

    Defendant.
_____/

## ORDER OF DISMISSAL[1]

This matter comes before the Court upon initial review of the file. Plaintiff, who is being held in the Stockade of the Lee County Jail as a pre-trial detainee, initiated this action *pro se* on October 2, 2007, by filing a three page handwritten pleading entitled "Complaint 42 U.S.C. § 1983" (Doc. #1), which the Court construes as a civil rights complaint ("Complaint"). Plaintiff did not accompany the filing of his Complaint with a Motion to Proceed *In Forma Pauperis* or the requisite filing fee.

Plaintiff complains that he is "being unlawfully held in the Lee County Jail." Complaint at p. 1. Plaintiff claims that he contacted the Defendant, a state legislator, about "conflicting and falsified police reports." Complaint at p. 2. It is unclear what type of relief Plaintiff seeks. The Complaint states only

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

"Plaintiff filed this suit (for the record) on the Defendant for his lack of duties, and responsibilities as a Fl. Bar Attorney, and Legislator having power to intervene." Id. at p. 3.

The Prison Litigation Reform Act (hereinafter PLRA), which amended 28 U.S.C. § 1915, contains the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Section 1915, known as the "Three Strikes Rule," permits a prisoner to file only "three meritless suits at the reduced rate." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

The Court takes judicial notice that Plaintiff filed at least three civil rights actions in this Court that were dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted. See Case Nos. 2:07-cv-192, 2:07-cv-130, and 2:07-cv-276.[2] Because Plaintiff has had three or more qualifying dismissals and it does not appear that he is in imminent danger of serious physical injury, this action will be

---

[2] The Court also takes notice that according to the U.S. Party/Case Index, Plaintiff has filed 23 prison condition and civil rights cases in federal court since March 2007. See http://pacer.uspci.uscourts.gov.

dismissed without prejudice. If Plaintiff wishes to prosecute this action, he is required to file a new civil rights complaint form and pay the $350.00 filing fee in its entirety <u>at the time of filing</u>.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED**, without prejudice.

2. The **Clerk of Court** shall: (1) enter judgment accordingly; terminate any pending motion or deadline; and, (2) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this 16th day of October, 2007.

                                                                               *Marcia Morales Howard*
MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record